UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY GOODNOW and AUDRA TERRAZAS , Individually and on Behalf of All Others Similarly Situated, | **CIVIL ACTION NO:** |
| Plaintiffs, | |
| vs. | JURY TRIAL DEMANDED |
| PREMIERE GLOBAL SERVICES, INC., AMERICAN TELECONFERENCING SERVICES, LTD., AUDIO TELCOMMUNICATIONS TECHNOLOGY II LLC, and DOE CORPS 1-10, | |
| Defendants. _____/ | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiffs KIMBERLY GOODNOW and AUDRA TERRAZAS , individually and on behalf of a class of others similarly situated (the "Putative Class"), by and through their undersigned counsel, and bring this Class Action Complaint against Defendants, PREMIERE GLOBAL SERVICES, INC., and AMERICAN TELECONFERENCING SERVICES, LTD. 1 (collectively referred to as "Defendants" or "PGi"), and Defendants AUDIO TELCOMMUNICATIONS TECHNOLOGY II LLC and DOE CORPS 1-10 ("Successor Defendants") and alleges as follows:

1

## **PRELIMINARY STATEMENT**

1. Plaintiffs and the Putative Class are former PGi employees who were participants of the Premiere Global Services U.S. Affiliates Severance Pay Plan Amended and Restated Effective January 1, 2018 (the "Plan"), and who were terminated for a "Severance-Qualifying Event" on or around March 31, 2021 and June 25, 2021.

2. Plaintiffs and the Putative Class entered into Severance Agreements with PGi wherein they would receive their severance under the Plan ("Basic Severance Pay") plus an additional amount of severance ("Enhanced Severance Pay").

3. Under the terms of the Severance Agreement, the Basic Severance Pay would be paid first in installments according to PGi's regular pay periods followed by the payment of Enhanced Severance.

4. On or about September 2021, PGi, without legal justification, notified Plaintiffs and the Putative Class that it would not be processing that's pay period's severance payments (Basic or Enhanced Severance Pay) and have continued to fail to make the remaining Basic or Enhanced Severance Pay.

5. Plaintiffs bring this action on behalf of themselves and the Putative Class to recover their unpaid Basic Severance Pay pursuant to the Employee Retirement Income Security Act ("ERISA") and their Enhanced Severance Pay pursuant to Georgia common law.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiffs rights under ERISA. The Court has supplemental jurisdiction over Plaintiffs related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including employment practices alleged herein, occurred in this district.

## PARTIES

8. Plaintiffs KIMBERLY GOODNOW and AUDRA TERRAZAS are former employees of PGi who were terminated effective March 31, 2021 or June 25, 2021.

9. Defendant PREMIERE GLOBAL SERVICES, INC. is a Georgia corporation with its principal place of business in Alpharetta, Georgia.

10. Defendant AMERICAN TELECONFERENCING SERVICES, LTD. is a Missouri corporation with its principal place of business in Alpharetta, Georgia.

11. Defendant AUDIO TELECOMMUNICATIONS TECHNOLOGY II LLC is a Delaware Corporation with its principal place of business in Alpharetta, Georgia. AUDIO TELECOMMUNICATIONS TECHNOLOGY II LLC was

incorporated on February 1, 2022, and upon information and belief, was created as part of a restructuring designed to move assets and liabilities to evade liability in this action. Upon information and belief, AUDIO TELECOMMUNICATIONS TECHNOLOGY II LLC is a successor in interest to PREMIERE GLOBAL SERVICES, INC. and/or AMERICAN TELECONFERENCING SERVICES, LTD. and liable under federal and state common law successor liability.

12. Defendant DOE CORPS 1-10 are additional unknown existing and future corporations that may be liable as successors in interest to PREMIERE GLOBAL SERVICES, INC. and/or AMERICAN TELECONFERENCING SERVICES, LTD.

## STATEMENT OF FACTS

### A.   Severance Agreements

13. In March or June 2021, Defendants provided Plaintiffs and Putative Class with notice that their positions would be permanently eliminated on or around March 31, 2021 or June 25, 2021 as part of a reduction in force.

14. As a result of the involuntary layoff, Plaintiffs and the Putative Class were entitled, pursuant to the Premiere U.S. Affiliates Severance Pay Plan Amended

and Restated Effective January 1, 2018 ("Plan"),[1] to severance equal to a full week's salary for every year they worked ("Basic Severance Pay").

15. In addition, PGi offered Plaintiffs and the Putative Class an additional amount of severance referred to as "Enhanced Severance Pay")

16. Plaintiffs and the Putative Class meet all the eligibility requirements under the Plan and signed Severance Agreements containing the promise of the Basic and Enhanced Severance Pay.

17. On or about September 2021, PGi, without legal justification, notified Plaintiffs and the Putative Class that it would not be processing that pay period's severance payments (Basic or Enhanced Severance Pay) and have continued to fail to make the remaining Basic or Enhanced Severance Pay.

18. Plaintiffs and the Putative Class are entitled to recover their unpaid Basic Severance Pay pursuant to ERISA and their Enhanced Severance Pay pursuant to Georgia common law.

B. **Exhaustion of Administrative Remedies Is Not Required**

19. Plaintiffs and the Putative Class entered into Severance Agreements containing the promise of Basic and Enhanced Severance Pay.

---

[1] PGi has yet to provide evidence the 2018 version of the Plan was ever enacted by PGi and that prior versions of the severance plan terminated. Accordingly, Plaintiffs reserves the right to amend to the extent discovery shows that the prior plans were not terminated.

20. Plaintiffs and the Putative Class received severance payments pursuant to the Severance Agreements until on or about September 1, 2022 when PGi notified Plaintiffs and the Putative Class that PGi would not be processing the upcoming severance payments.

21. Since Plaintiffs and the Putative Class were already paid some severance and do not dispute the amount of severance owed under the Severance Agreements, Plaintiffs and the Putative Class are not required to exhaust administrative remedies.

22. Moreover, administrative remedies under the Plan are optional and not required before bringing a civil action.

23. Plaintiffs and the Putative Class were never informed of any right or requirement to submit a claim to the Plan Administrator nor did the Plan Administrator ever inform Plaintiffs and the Putative Class that they were being denied any severance payments for reasons permitted under the Plan.

24. In addition, PGi had no legal justification to cease making Basic Severance Pay payments, and did so purely because of financial reasons, and therefore it would be futile to attempt to exhaust administrative remedies given PGi's continued failure to make the additional Basic Severance Pay payments.

25. Further, exhaustion is futile because PGi terminated the Plan in its entirety following the cessation of severance payments in September 2021.

26. The Enhanced Severance Pay is not governed by ERISA and therefore does not require any exhaustion.

27. Finally, to the extent the Court finds exhaustion required for Basic Severance Pay, Plaintiffs dispute that exhaustion is applicable in this situation and the judicial made requirement contravenes the language of ERISA's enforcement statute and the Plan's own terms.[2]

C. **Successor Liability**

28. Following Plaintiff's termination, Defendants hired Realization Services, Inc., a company that specializes in restructuring and turnaround management.

29. Further, PGi underwent an out-of-court restructuring by which PGi's first lien lenders consensually foreclosed upon and sold the equity of Premiere Global Services, Inc. to a third-party buyer.

30. On February 1, 2022, Defendants created AUDIO TELECOMMUNICATIONS TECHNOLOGY II LLC.

31. Upon information and belief, Defendants has transferred assets of Premiere Global Services, Inc. and/or American Teleconferencing Services, LTD to

---

[2] In the event that exhaustion of administrative remedies is a bar to Plaintiffs' Basic Severance Pay claims, Plaintiffs intend to amend the Complaint to add the Plan administrators and fiduciaries, Michelle J. Nelson and Alice Hayes, who failed to notify Plaintiffs and the Putative Class of any purported need to submit a claim to the Plan administrator and misdirected Plaintiffs communications about the severance payments to outside counsel who similarly did not advise Plaintiffs of any need to submit a claim.

AUDIO TELECOMMUNICATIONS TECHNOLOGY II LLC. and other potential corporate entities, Doe Corps 1-10 ("Successor Defendants") in order to avoid debt obligations and liability in this action.

32. In the event that Defendants cannot provide the relief sought in this action, Plaintiffs intend to hold the Successor Defendants liable for Defendants breaches of federal and state law.

## **CLASS ALLEGATIONS**

33. Plaintiffs sue on their behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

34. Plaintiffs bring their claims on behalf of all persons who were employed by Defendants and terminated as part of layoffs with effective termination dates of March 31, 2021 or June 25, 2021 (the "Putative Class").

35. The persons in the Class identified above are so numerous that joinder of all members is impracticable.

36. Upon information and belief, 64 employees were terminated effective March 31, 2021 or June 25, 2021 and most of those employees fall within the Putative Class.

37. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy.

38. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

39. Specifically, Defendants unlawfully failed to pay Plaintiffs and the Putative Class all Basic Severance Pay owed pursuant to the Plan and to pay some or all of the Enhanced Severance Pay pursuant to their Severance Agreements.

40. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

41. Plaintiffs have the same interests in this matter as all other members of the Putative Class and Plaintiffs' claims are typical of the Putative Class.

42. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to, whether Plaintiffs and the Putative Class are Basic and/or Enhanced Severance.

## FIRST CAUSE OF ACTION
### (ERISA Unpaid Benefits, 29 U.S.C. § 1132(a)(1)(B))
*Against Defendants*

43. Plaintiffs reincorporate and readopts all allegations contained within Paragraphs 13-32 above.

44. Plaintiffs and the Putative Class were participants of the Plan and met the eligibility requirements of the Plan.

45. Defendants refused to play Plaintiffs and the Putative Class the full Basic Severance Pay promised under the Plan.

46. As a direct result of PGi's unlawful conduct, Plaintiffs and the Putative Class have been damaged in an amount equal to the remaining Basic Severance Pay they were entitled under the Plan.

47. In the event Defendants cannot provide relief in this action, the Successor Defendants are liable under federal and state law because they were on notice of Plaintiffs' legal claims, there is a substantial continuity in the operation of the business and common management.

## SECOND CAUSE OF ACTION
**(Breach of Contract for Enhanced Severance Pay)**
*Against Defendants*

48. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 13-32 above.

49. Defendants promised to pay Plaintiffs and the Putative Class Enhanced Severance Pay that was memorialized in individual Severance Agreements.

50. Defendants breached the promise of Enhanced Severance Pay in the Severance Agreements when it ceased making severance payments on or around September 1, 2021.

51. Plaintiffs and the Putative Class seek damages in the amount of unpaid Enhance Severance that they are entitled to under their respective Severance Agreements.

52. In the event Defendants cannot provide relief in this action, the Successor Defendants are liable under federal and state law because they were on notice of Plaintiffs' legal claims, there is a substantial continuity in the operation of the business and common management.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Putative Class, prays for relief as follows:

A. Certification of this action as a class action pursuant to Rule 23 and appointment of Plaintiffs and their Counsel to represent the Putative Class;

B. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and State of Georgia;

C. An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or

economic damages, including, but not limited to, loss of Basic and Enhance Severance Pay;

D. Prejudgment interest on all amounts due;

E. An award of Plaintiff's reasonable attorneys' fees and costs pursuant to ERISA; and,

F. Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 1st day of June 2022.

/s/Jeremy Stephens
JEREMY STEPHENS, ESQ.
GA Bar No.: 702063
**Morgan & Morgan, P.A.**
191 Peachtree Street, N.E., Ste. 4200
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
E-mail: jstephens@forthepeople.com

BRYAN ARBEIT, ESQ.
*To be admitted Pro Hac Vice*
**Morgan & Morgan, P.A.**
8151 Peters Rd, Fl. 4
Plantation, FL 33324
Tel: (954) 694-9610
E-mail: barbeit@forthepeople.com

*Attorney for Plaintiffs*