# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KIMBERLY GOODNOW, AUDRA
TERRAZAS, AND TIMOTHY STEFFENS,
All Individually and on Behalf of All Others
Similarly Situated,

   Plaintiffs,

vs.

PREMIERE GLOBAL SERVICES, INC.,
AMERICAN TELECONFERENCING
SERVICES, LTD., AUDIO
TELCOMMUNICATIONS TECHNOLOGY
II LLC, and DOE CORPS 1-10,

   Defendants.

_____/

**CIVIL ACTION NO: 22-CV-02184-TWT**

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs, KIMBERLY GOODNOW ("Goodnow"), AUDRA TERRAZAS ("Terrazas"), AND TIMOTHY STEFFENS ("Steffens") (collectively, "Plaintiffs"), on their own behalf and on behalf of those similarly situated, respectfully requests the entry of an Order granting class certification of this action and permitting notice to all former employees of Defendants, PREMIERE GLOBAL SERVICES, INC. and AMERICAN TELECONFERENCING SERVICES, LTD. (collectively, "Defendants" or "PGi") who entered into a Severance Agreement as part of layoffs conducted on or around March 31, 2021, June 25, 2021, or August 20, 2021, and

were not paid the full amount of Basic and Enhanced Severance Benefits promised in their Severance Agreements.  More particularly, Plaintiffs seek entry of an Order:

1. Certifying a class defined as follows:  All former employees of PGi who: (1) entered into a Severance Agreement in connection with layoffs conducted on or around March 31, 2021, June 25, 2021, or August 20, 2021; and (2) were not paid the full amount of their Basic Severance or Enhanced Severance promised in the Severance Agreement;

2. Appointing Plaintiffs as class representatives;

3. Appoint counsel for Plaintiffs, Jeremy Stephens and Bryan Arbeit of Morgan & Morgan, P.A., as Class Counsel;

4. Approving the form and method of Notice to be provided to the Class, as set forth below and attached hereto as **Exhibit 1**, and finding said Notice to be fair, reasonable, and adequate and consistent with due process; and

5. Any other relief that is just and proper

## STATEMENT OF FACTS

Plaintiffs and the Putative Class are former PGi employees who were participants of the Premiere Global Services U.S. Affiliates Severance Pay Plan Amended and Restated Effective January 1, 2018 (the "Plan"), and who were terminated for a "Severance-Qualifying Event" on or around March 31, 2021, June 25, 2021 and August 20, 2021.  Am. Compl. ¶ 1.   As part of their separation, Plaintiffs

and the Putative Class entered into Severance Agreements with PGi wherein they would receive severance under the Plan, referred to as "Basic Severance Pay," plus an additional amount of severance, referred to as "Enhanced Severance Pay".  Id. at ¶ 2; *see* Exhibit A to Declarations of Named Plaintiffs, attached hereto as **Exhibits 2-4**. Under the terms of the Severance Agreement, the Basic Severance Pay would be paid first in installments according to PGi's regular pay periods followed by the payment of Enhanced Severance. Am. Compl. ¶ 3.  On or about September 1, 2021, PGi, without legal justification, notified Plaintiffs and the Putative Class that it would not be processing that pay period's severance payments (Basic or Enhanced Severance Pay) and ceased making the remaining Basic or Enhanced Severance payments.  Id. at ¶ 4.    Specifically, the Chief Human Resources Officer of PGi sent an email that explained that PGi was required to hold, or stop payment on, all severance payments in the U.S. as part of a new forbearance agreement with lenders.  Id. at ¶ 5; *See* **Exhibit 5**.  Plaintiffs brought this action on behalf of themselves and the Putative Class to recover their unpaid Basic Severance Pay pursuant to the Employee Retirement Income Security Act ("ERISA") and their Enhanced Severance Pay pursuant to Georgia common law.  Id. at ¶ 6.

## MEMORANDUM OF LAW

## I. THE COURT SHOULD CERTIFY PLAINTIFF'S BREACH OF CONTRACT CLAIM AS A CLASS ACTION PURSUANT TO RULE 23

### A. Applicable Standards

Federal Rule of Civil Procedure 23 provides the standard for certification of class actions in federal court. Rule 23(a) sets forth the following prerequisites to class certification:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Once the requirements of Rule 23(a) are satisfied, Rule 23(b) provides for three different categories of class action and sets forth the requirements for maintaining a class action under that subsection. As relevant to this case, a class action is authorized under Rule 23(b)(3) when:

> The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

In ruling on motions to certify, courts must accept all allegations in the pleadings as true, and should not determine or resolve the merits or claims of the case unrelated to the requirements of Rule 23. *See Bush v. Calloway Consolidated Group River City, Inc*., 2012 WL 1016871, at *3 (M.D. Fla. March 26, 2012) (Dalton, J.) (citations omitted); *see also Heffner v. Blue Cross & Blue Shield of Ala., Inc.,* 443 F.3d 1330, 1337 (11th Cir. 2006) ("a district court may not resolve the merits of a case when ruling on a Rule 23 motion"); *Eisen,* 417 U.S. at 177 (1974) (When considering a motion for class certification, the Court accepts the allegations in the complaint as true and does not conduct "a preliminary inquiry into the merits" of the case.). Plaintiff bears the burden of establishing each of the requirements for class certification. *See Valley Drug Co. v. Geneva Pharm., Inc.,* 350 F.3d 1181, 1188 (11th Cir.2003) (citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 615–18, (1997)).

Here, Plaintiffs are seeking to recover their Basic Severance and Enhanced Severance that were promised in their Severance Agreements and the Severance Agreements of other employees laid off during the same time period. As such, they will demonstrate that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Further, the Court must

define the class and class claims, issues, and defenses at the time of certification of the class pursuant to Rule 23(c), and must appoint class counsel pursuant to Rule 23 (g).   Here, as shown below, Plaintiffs meets their burden to certify the proposed class.

**B.      Breach of Contract and Unpaid Benefit Claims Are Well Suited for Rule 23 Treatment**

Courts typically certify breach of contract or unpaid benefit claims where the agreements at issue are similar among the class members.  *See Allapattah Serv., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1260–61 (11th Cir. 2003) (affirming class certification for breach of contract claim where the contracts were materially similar and defendant had acted the same with respect to the entire class); *Laura Owens vs. Metropolitan Life Insurance Company*, 323 F.R.D. 411, 424 (N.D.G.A., 2017)(granting Plaintiffs' motion for class certification of putative class members who were beneficiaries of ERISA-governed insurance plan benefits which were not paid out.) *Kleiner v. First Nat'l Bank of Atl.*, 97 F.R.D. 683, 692 (N.D. Ga. 1983) (collecting cases where "claims arising from interpretations of a form contract appear to present the classic case for treatment as a class action, and breach of contract cases are routinely certified as such").   Such a result is logical because the claim for severance benefits is virtually identical for class members, and all of the claims would prevail or fail together.  This is especially true for situations like the one at bar, where a company unilaterally ceases making severance payments for the same reason, in the same timeframe, and took

6

uniform action as to all putative class members.

###### C.    Plaintiff Satisfies All of Rule 23's Prerequisites

The Court should certify Plaintiff's proposed class because it meets the requirements of Rule 23(a)(1-4) (numerosity, commonality, typicality, and adequacy of representation), and at least one prong of Rule 23(b): Rule 23(b)(3). *Grimes v. Rave Motion Pictures Birmingham,* 264 F.R.D. 659, 662–64 (N.D. Ala. 2010). The Court should also appoint Plaintiff's counsel as Class Counsel under Rule 23(g) and approve Plaintiff's proposed notice.

###### 1.    Ascertainability

Although it does not appear in the language of Rule 23, there is an implied requirement of ascertainability for class certification. *Jankowski v. Castaldi,* 2006 WL 118973, at *5 (E.D.N.Y. Jan. 13, 2006)(citing *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,* 209 F.R.D. 323, 337 (S.D.N.Y. 2002)).  Ascertainability requires that it must be "administratively feasible for a court to determine whether a particular individual is a member of the class [and] the Court must be able to make this determination without having to answer numerous individualized fact-intensive questions." *Fogarazzo v. Lehman Bros.,* 232 F.R.D. 176, 181 (S.D.N.Y. 2005).

Plaintiff's proposed class definition, which covers a putative class of up to 124 employees whose employment were terminated in connection with layoffs that occurred on or about March 31, 2021, June 25, 2021 and August 20, 2020.  *See*

*Shurland v. Bacci Café & Pizzeria on Ogden, Inc.,* 271 F.R.D. 139, 146 (N.D. Ill. 2010) ("A class is sufficiently definite if its members can be ascertained by reference to objective criteria and may be defined by reference to defendant's conduct." (internal quotation marks and citation omitted)).  Here, membership in the proposed class can be ascertained by reference to the Informational Notices (attached to Plaintiffs' Severance Agreements, *see* **Exhibits 2-4**) that detail the title of the employees being terminated and PGi's records showing which employees were not paid some or all of their Basic and Enhanced Severance.  Consequently, these putative class members are ascertainable.

### 2. <u>Numerosity</u>

The first requirement under Rule 23(a) is that the putative class be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). "Generally, a class should have no fewer than 21 members and will satisfy the numerosity requirement if it has more than 40." *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1266 (11th Cir. 2009); *Cox v. American Cast Iron Pipe Co*., 784 F.2d 1546, 1553 (11th Cir. 1986)(generally, over 40 class members is adequate to satisfy the numerosity requirement); *Martinez v. Mecca Farms, Inc.,* 213 F.R.D. 601, 605 (S.D. Fla. 2002).

Here, 124 employees were terminated as part of the layoffs covered by the class and most, if not nearly all of them, are still owed Basic or Enhanced Severance.

Thus, numerosity is met here.

### 3. <u>Commonality</u>

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts should "liberally construe [ ] the commonality requirement." *Trief v. Dun & Bradstreet Corp.,* 144 F.R.D. 193, 198-99 (S.D.N.Y. 1992) (citations omitted). The threshold for commonality under Rule 23(a)(2) is not high. "[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Industries, Inc.,* 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks omitted); *see also Fabricant v. Sears Roebuck,* 202 F.R.D. 310, 313 (S.D. Fla. 2001) (same). "The commonality element is generally satisfied when a plaintiff alleges that '[d]efendants have engaged in a standardized course of conduct that affects all class members.'" *In re Checking Account Overdraft Litigation*, 275 F.R.D. 666, 673 (S.D. Fla. 2011) (citing *In re Terazosin Hydrochloride,* 220 F.R.D. 672, 687 (S.D. Fla. 2004); *Agan v. Katzman & Korr, P.A.,* 222 F.R.D. 692, 697 (S.D. Fla. 2004); and *In re AmeriFirst Sec. Litig.,* 139 F.R.D. 423, 428 (S.D. Fla. 1991).

Many common questions of fact and law are present here, including, but not limited to:

(1) That each employee had a written Severance Agreement with PGi;

(2) That each employee's Severance Agreement contained promises for Basic

and/or Enhanced Severance;

(3) That PGi unjustifiably failed to pay each employee some or all of their Basic or Enhanced Severance;

Here, Commonality is met since there are numerous questions of fact or law that are common among the proposed class.

### 4.    <u>Typicality</u>

The third element, typicality, focuses on whether the class representative possesses the same interest and suffers the same injury as the class member. "Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Wooden* v. *Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262,1287 (11th Cir. 2001). The claim of a class representative is typical if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory. *See J. W.* v. *Birmingham Board of Educ.*, 2012 WL 3849032, at *9 (N.D. Ala. Aug. 31, 2012). The typicality requirement may be satisfied despite substantial factual differences, however, when there is a 'strong similarity of legal theories.'" *See Murray* v. *Auslander,* 244 F.3d 807, 811 (11th Cir. 2001) (quoting *Appleyard* v. *Wallace,* 754 F.2d 955,958 (11th Cir. l985)).

Here, Plaintiff's claims arise from the same course of conduct as the claims of the class – PGi's decision and action to stop making Basic and Enhanced

Severance payments as part of a forbearance agreement with its lender. *See* **Exhibit 5**. Other than the amounts owed, Plaintiffs' individual claims are not different from any other class member's claim. Thus, Plaintiff has demonstrated typicality.

### 5.    <u>Adequate Representation</u>

The fourth requirement, adequacy, encompasses both the adequacy of class counsel, and the adequacy of the named Plaintiff to prosecute the action. *Griffin* v. *Carlin,* 755 F.2d 1516, 1533 (11th Cir. 1985). Class representatives are required to "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and must, therefore, "possess the same interest and suffer the same injury as the class members." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997). The adequacy requirement seeks to ensure that the interests of class members are not "antagonistic to one another." *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 290-91 (2d Cir. 1992) (internal citations and quotation marks omitted). In determining adequacy of representation, courts also consider whether the proposed "representative is familiar with the action, whether he has abdicated control of the litigation to class counsel, and whether he is of sufficient moral character to represent a class." *Noble v. 93 University Place Corp*., 224 F.R.D. 330, 339 (S.D.N.Y. 2004)(internal citations omitted). Here, because the named Plaintiffs, from each group of layoffs, are familiar with the action, have a good relationship with undersigned counsel, and have the same interests as the rest of the proposed class,

they are an adequate class representative. *See* Declarations of Named Plaintiffs, **Exhibits 2-4**.

Plaintiff's Class Counsel is a well-respected firm with experience in class and collective action litigation. *See* Declarations of Counsel, **Exhibits 6-7**. Plaintiffs' Counsel has litigated many class and collective actions claims involving unpaid wages and other similar benefits. Class Counsel has demonstrated in this litigation that it understands the claims and defenses in this case and stands "ready, willing, and able to devote the resources necessary to litigate this case vigorously." *Holman v. Student Loan Xpress, Inc*., 2009 WL 4015573, at *3 (M.D. Fla. Nov. 19, 2009). Thus, adequacy is satisfied both as to counsel and the class representative. *Id*.

### D.  <u>Predominance and Superiority</u>

Rule 23(b)(3) requires that common questions of law or fact not only be present, but "predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). This inquiry examines "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc.,* 521 U.S. at 623. That Plaintiff easily meets the Rule 23(a) criteria is a strong indicator that Rule 23(b)(3) is satisfied. *See General Telephone Company of the Southwest v. Falcon,* 457 U.S. 147, 157 n.13

(1982) (satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality").

### 1.  Common Questions of Law and Fact Predominate

To satisfy the predominance requirement, the named plaintiff must establish that the issues subject to generalized proof in the class action, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof. *See Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir. 1997). Rule 23(b)(3) requires that "[c]ommon issues of fact and law ... ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs, Inc*., 601 F.3d 1159, 1170 (11th Cir.2010) (internal quotation marks omitted). Here, the predominance requirement is satisfied because common questions present a significant aspect of the case and can be resolved for all class members in a single common judgment.  *See In re Checking Account Overdraft Litigation*, 2012 WL 4173458, at *3 (S.D. Fla. Sept. 19, 2012). "Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.,* 131 S.Ct. 2179, 2184, 180 L.Ed.2d 24 (2011).

Here, all members of the class are unified by common facts - that all employees had similar Severance Agreements containing the promise Basic and/or Enhanced Severance, and that PGi ceased making the promised severance payments in one decision based allegedly on a debt agreement with a lender. They are also unified by a common legal theory - that PGi owes the Basic Severance pursuant to the Severance Agreement and the Plan and owes the Enhanced Severance pursuant to the Severance Agreement. Thus, Plaintiffs have carried their burden regarding the predominance requirement.[1]

### 2.    A Class Action is the Superior Method of Adjudication

The second part of the 23(b)(3) analysis is a relative comparison examining whether "the class action device [is] superior to other methods *available* for a fair and efficient adjudication of the controversy." *Green v. Wolf Corp.,* 406 F.2d 291, 301 (2d Cir. 1968) (emphasis added). Rule 23(b)(3) sets forth a non-exclusive list

---

[1] The calculation of damages will be specific to each Plaintiff, but this would not defeat predominance. The Eleventh Circuit has held that "the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate…" *Allapattah Servs., Inc. v. Exxon Corp.,* 333 F.3d 1248, 1261 (11th Cir. 2003); *see also Gunnells v. Healthplan Servs., Inc.,* 348 F.3d 417, 427-28 (4th Cir. 2003) ("Rule 23 contains no suggestion that the necessity for individual damage determinations destroys commonality, typicality, or predominance, or otherwise forecloses class certification. In fact, Rule 23 explicitly envisions class actions with such individualized damage determinations.") (emphasis in original) (citing Fed.R.Civ.P. 23 advisory committee's note (1966 Amendment, subdivision (c)(4))). Moreover, the amount owed to each class member damages will likely be reflected in PGi's records.

of factors pertinent to judicial inquiry into the superiority of a class action, including:
whether individual class members wish to bring, or have already brought, individual
actions; the desirability of concentrating the litigation of the claims in the particular
forum; and the difficulties of managing the case as a class action. Fed. R. Civ. P.
23(b)(3). Denying class certification on manageability grounds is "disfavored" by
the courts and "should be the exception rather than the rule." *In re Visa
Check/MasterMoney Antitrust Litig.,* 280 F.3d 124, 140 (2d Cir.2001)(internal
quotations omitted).  "When determining if a class action is superior, 'we are not
assessing whether this class action will create significant management problems, but
instead determining whether it will create relatively more management problems
than any of the alternatives,'" such as separate lawsuits by class members.  *Hinson
v. Bellsouth Telecommunications, Inc.,* 275 F.R.D. 638, 648 (M.D. Fla.
2011)(citation omitted). Here, each of the factors favors certification.

Plaintiffs' counsel is unaware of any individual who is interested in
controlling the prosecution of separate actions.[2]   Rather, Plaintiffs' Counsel has
been retained already by fifteen other employees who wish to participate in this class

---

[2]     There is a related case before the Court, *Baker et. al. v. American
Teleconferencing Services, Ltd. et al.*, 22-cv-00030, but that action primarily
involves Plaintiffs that were laid off on September 3, 2021, including the intervenors
who were also laid off on September 3, 2021.  *See* D.E. 18.  In addition, the class
claims have been withdrawn from the Second Amended Complaint (D.E. 44) in the
*Baker* action primarily because the number of employees laid off on September 3,
2021 did not meet numerosity.

action versus beginning their own separate claims and Plaintiffs' counsel is aware of two other putative class members that have not been retained but expressed a desire to join the action. Moreover, the value of each individual claim, which ranges from a few thousand to tens of thousands, would quickly be swallowed up by the costs of litigation, and would be a waste of judicial resources. *See Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) ("[b]ecause litigation costs would likely exceed any gains from [the] wage recovery, class members would be unlikely to litigate individually.").

There is no concern regarding concentrating the claims in this forum. Defendants' principal places of business is located in Fulton County, and no party can claim this is an inconvenient forum or has moved to transfer venue.

A class action is far superior to litigating numerous individual claims without a class-wide liability inquiry. Such individual actions would waste judicial resources and create the danger of conflicting outcomes. Where, as here, there are questions of law and fact common to all employees of the class, it is more efficient to litigate the claims in one forum.

If the Court grants Plaintiff's motion for class certification, the class-wide liability inquiry will focus on whether Defendants single decision to stop all severance payments was a breach of the Severance Agreement. Given Defendants' uniform decision and reason for ceasing severance payments, at trial the issue will

be whether this singular action by Defendants was unlawful. Because of the common nature of the issues at bar, there can be no question that Defendants' liability in regard to the entire class can be determined based upon common proof.

## II. PLAINTIFF'S COUNSEL SHOULD BE APPOINTED CLASS COUNSEL

Under Rule 23(g), a district court that certifies a class action must also appoint class counsel. FED. R. CIV. P. 23(g)(1)(A). In appointing such counsel, the Court must determine that counsel will "fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). The Court "must consider [1] the work counsel has done in identifying or investigating potential claims in the action, [2] counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, [3] counsel's knowledge of the applicable law, and [4] the resources counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1)(C)(i). The Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class; [and] may direct potential class counsel to provide information on any subject pertinent to the appointment[.]" FED. R. CIV. P. 23(g)(1)(C)(ii)(iii).

Plaintiffs respectfully submit that their counsel are qualified to represent them and the putative class considering the work counsel has performed in investigating their claims and pursuing this litigation, counsels' experience and knowledge of the applicable law, and the financial resources that counsel has already committed and

will continue to commit to this litigation, counsel are qualified to represent the class, and will fairly and adequately represent the interests of the class. *See* Declarations of Counsel, **Exhibits 6-7**.  Further, Morgan & Morgan is the largest injury law firm in the country with over 800 lawyers and vast resources to litigate this case on behalf of the entire class.  *See id.*  Plaintiffs therefore requests that their counsel be appointed class counsel upon certification of the class.

## III.    PLAINTIFF'S PROPOSED NOTICE SHOULD BE APPROVED.

The contents of the proposed Rule 23 Class Notice, which is attached hereto as **Exhibit 1**, fully complies with due process and Federal Rule of Civil Procedure 23. Pursuant to Rule 23(c)(2)(B), the notice must provide:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Notice satisfies all of these requirements. In Federal Rule 23 cases, the United States Supreme Court has held that the form of notice to the class must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314

(1950). This is necessary to satisfy due process requirements. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).  Here, Plaintiff proposes class members be sent a copy of the proposed by U.S. Mail and e-mail.

## IV.    <u>CONCLUSION.</u>

For the foregoing reasons, Plaintiff respectfully requests an Order:

1)  pursuant to Rule 23 (a) and (b)(3) certifying a class of:

**All former employees of PGi who: (1) entered into a Severance Agreement in connection with layoffs conducted on or around March 31, 2021, June 25, 2021, or August 20, 2021; and (2) were not paid the full amount of their Basic Severance or Enhanced Severance promised in the Severance Agreement;**

2)  compelling Defendants to produce a complete and accurate employee list of all individuals who fall within the above class definition, and include their last known addresses and e-mail addresses;

3)  approving the form and method of Notice to be provided to the Class (**Exhibit 1**) and finding said Notice to be fair, reasonable, and adequate and consistent with due process;

(d)  permitting Plaintiff to send via U.S. Mail and e-mail a class action notice to all putative class members;

(e)  appointing Plaintiffs as Class Representatives; and

(f)  appointing counsel for the Plaintiff, Jeremy Stephens and Bryan Arbeit of Morgan & Morgan, P.A., as Class Counsel.

19

Respectfully submitted this 12th day of September 2022.

/s/Jeremy Stephens
JEREMY STEPHENS, ESQ.
GA Bar No.: 702063
**Morgan & Morgan, P.A.**
191 Peachtree Street, N.E., Ste. 4200
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
E-mail: jstephens@forthepeople.com

BRYAN ARBEIT, ESQ.
*Pro Hac Vice*
**Morgan & Morgan, P.A.**
8151 Peters Rd, Fl. 4
Plantation, FL 33324
Tel: (954) 694-9610
E-mail: barbeit@forthepeople.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ADAM BAKER, ELSA EMBAYE, BRIAND FELDMAN, RITA GRIT, CAROL MORGAN, JOSIAH NOBLE, PAULA REESE, JESSICA TORREZ, and MISTY WILLIAMS, individually and on behalf of a class of others similarly situated, | Case No. 22-cv-00030-TWT<br><br>Hon. Thomas W. Thrash, Jr. |

       Plaintiffs,

   v.

PREMIERE GLOBAL SERVICES, INC.,
AMERICAN TELECONFERENCING
SERVICES, LTD., MICHELE J.
NELSON, and ALICE HAYES,

       Defendants.

_____/

**<u>CERTIFICATE OF SERVICE</u>**

    I, Jeremy Stephens., attorney for Plaintiffs, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which I understand will send notification of such filing to all known counsel of record.

   SO CERTIFIED, this the 12th day of September 2022.

                                     _s/ Jeremy Stephens_____
                                     Jeremy Stephens, Esq.