IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIMBERLY GOODNOW, individually
and behalf of all others similarly
situated, et al.,

     Plaintiffs,

        v.

PREMIERE GLOBAL SERVICES,
INC., et al.,

     Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-2184-TWT

## OPINION AND ORDER

This is an ERISA action. It is before the Court on the Plaintiffs' Motion

for Class Certification [Doc. 13], which is unopposed. For the reasons set forth

below, the Plaintiffs' Motion for Class Certification [Doc. 13] is GRANTED.

### I.    Background

The named Plaintiffs Kimberly Goodnow, Audra Terrazas, and Timothy

Steffens were formerly employed by Defendants Premiere Global Services, Inc.

and American Teleconferencing Services, Ltd. (collectively, "PGi") and were

terminated from their employment on March 31, June 25, and August 20, 2021,

respectively. (Am. Compl. ¶ 1). The named Plaintiffs allege that they each

entered into severance agreements with PGi under the "Premiere Global

Services U.S. Affiliates Severance Pay Plan Amended and Restated Effective

January 1, 2018 ("the Plan") and that they were terminated for a "Severance-

Qualifying Event" under the terms of the Plan. (*Id*.). Under the terms of the Plan, the Plaintiffs allege, they were to receive "Basic Severance Pay" in addition to "Enhanced Severance Pay," wherein the Basic Severance Pay would be paid first in installments tracking PGi's regular pay periods and the Enhanced Severance Pay would be paid following the Basic Severance Pay. (*Id*. ¶¶ 2-3).

In September 2021, however, PGi informed the named Plaintiffs and the putative class members that it would no longer be processing severance payments for them due to a forbearance agreement PGi had entered with its lenders. (*Id*. ¶¶ 4-5). On that basis, the named Plaintiffs brought this action on behalf of themselves, and the putative class members similarly situated, to recover their unpaid Basic Severance Paid under the Employee Retirement Income Security Act ("ERISA") and to recover their Enhanced Severance Pay under Georgia common law. (*Id*. ¶ 6). The named Plaintiffs brought their claims for unpaid benefits under ERISA (Count 1) and breach of contract for enhanced severance pay (Count 2) "on behalf of all persons who were employed by [the] Defendants and terminated as part of layoffs with effective termination dates of March 31, June 25, or August 20, 2021." (*Id*. ¶¶ 35, 44-53). The Plaintiffs alleged that they believe over 100 such former employees fall within the putative class. (*Id*. ¶ 36).

The named Plaintiffs filed the present Motion for Class Certification [Doc. 13] on September 12, 2022. The Defendants, despite filing an Answer and

being granted an extension of time to respond to the Motion for Class Certification, have not filed a response to the motion. In their Motion for Class Certification, the named Plaintiffs argue that because the putative class members are also seeking to recover the Basic Severance Pay and Enhanced Severance Pay after being laid off from the same employer on the same termination dates, any questions of law or fact common to the putative class members will dominate over questions affecting only individual members. (Mot. for Class Cert. at 5-6). The named Plaintiffs additionally argue that breach of contract claims are particularly well-suited for class certification because the claims are virtually identical for all class members subject to the same contract, and the claims thus prevail or fail together as to all class members. (*Id.* at 6-7). Finally, the named Plaintiffs assert that the putative class meets the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. (*Id.* at 7-17). The named Plaintiffs request that their counsel be appointed as class counsel. (*Id.* at 17-21).

## II.    Legal Standards

Federal Rule of Civil Procedure 23(c)(1)(A) provides that the Court must "[a]t an early practicable time after a person sues or is sued as a class representative . . . determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). "A class action may be maintained only when it satisfies all the requirements of Rule 23(a) and at least one of the alternative requirements of Rule 23(b)." *Herrera v. JFK Med. Ctr. L.P.*, 648 F.

3

App'x 930, 933 (11th Cir. 2016) (citation and alteration omitted). Under Rule 23(a), the four prerequisites to bringing a class action are:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). For purposes of this case, Rule 23(b)(3) contains the relevant requirements. Subsection (b)(3) applies when "[1] the questions of law or fact common to class members predominate over any questions affecting only individual members[] and . . . [2] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Subsection (c) requires the Court to define the class and the class's claims, issues, and defenses at the time of certification. Fed. R. Civ. P. 23(c)(1)B). Likewise, subsection (g) requires the Court to appoint class counsel. Fed. R. Civ. P. 23(g)(1).

## III.    Discussion

The Court concludes that certification of the putative class is warranted here for the reasons set forth below. The Court will address the Rule 23(a) and (b)(3) factors before defining the class and the class's claims and lastly appointing class counsel. Despite the Defendants' lack of opposition to the Motion, "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."

*Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quotation marks and citation omitted).

### A.    Applicability of Rule 23(a) and (b)(3) Factors

The first factor for class certification provided in Rule 23(a)(1), numerosity, is easily met here. The named Plaintiffs assert in their motion—and the attached exhibits support—that up to 124 former employees of the Defendants were terminated as part of layoffs on March 31, June 25, and August 20, 2021, and the Court finds that it would be impracticable to join that many individual plaintiffs. *See* Fed. R. Civ. P. 23(a)(1); (Mot. for Class Cert., Ex. 2 at 17-19; *Id.*, Ex. 3 at 17-21; *Id.*, Ex. 4 at 15); *see also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009) (noting that plaintiffs may not rely on allegations alone to support the numerosity requirement).

Second, the commonality requirement is met here because each of the named Plaintiffs and the putative class members will likely assert that they had a valid severance agreement with PGi under the Plan, promising them Basic Severance Pay and Enhanced Severance Pay, and that PGi, without legal justification, failed to pay them all the severance owed. *See* Fed. R. Civ. P. 23(a)(2). Moreover, as the attached exhibits make clear, each of the named Plaintiffs signed essentially the same severance agreement with adjustments only to the amounts owed, and an analysis of the agreements and the Plan's terms will likely underlie the resolution of the claims as to each of the putative class members and the named Plaintiffs. (*See* Mot. for Class. Cert., Exs. 2-4).

These facts thus satisfy the requirement that "there be at least one issue whose resolution will affect all or a significant number of the putative class members." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016) (quotation marks and citation omitted).

Third, for essentially the same reasons, the typicality requirement is also met here. *See* Fed. R. Civ. P. 23(a)(3). Specifically, the claims asserted by the named Plaintiffs are the same as the claims of the putative class, arising from the same alleged course of conduct on the part of the Defendants. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (noting that typicality is established "if the claims or defenses of the class and the class representative[s] arise from the same event or pattern or practice and are based on the same legal theory"). And as the named Plaintiffs point out, the only difference among the named Plaintiffs and putative class members' claims is the amount owed. *See id.* ("Differences in the amount of damages between the class representative and other class members does not affect typicality."). Fourth, and finally, the Court concludes that the named Plaintiffs will adequately represent the interests of the putative class because they possess the *same* interest in relief as the putative class members. *See* Fed. R. Civ. P. 23(a)(4).

Next, having determined that Rule 23(a)'s requirements are satisfied, the Court must address whether the named Plaintiffs have carried their burden of demonstrating that the Rule 23(b)(3) criteria are met. *See* Fed. R.

6

Civ. P. 23(b). For the same reasons that the named Plaintiffs have demonstrated commonality and typicality, they have also satisfied the Rule 23(b)(3) criteria. In particular, the only issue affecting individual members of the putative class is the amount of any damages owed, and the common issues as to whether the Defendants violated ERISA and breached the severance agreements will certainly predominate over the damages issues. A class action would therefore be the most efficient way to resolve this controversy, as it will largely involve interpretation of the same severance agreement as applied to over 100 former employees of the Defendants. *See* Fed. R. Civ. P. 23(b)(3). In that same vein, largely the same evidence is likely to be presented as to both the named Plaintiffs and the putative class members. Accordingly, having concluded that the named Plaintiffs have satisfied the criteria for class action certification in Rule 23(a) and (b)(3), the Plaintiffs' Motion for Class Certification [Doc. 13] will be granted and the Court will certify the Class. The Court further appoints the named Plaintiffs Kimberly Goodnow, Audra Terrazas, and Timothy Steffens as the representatives of the Class.

### B.   Defining the Class, Claims, Issues, and Defenses

Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Court certifies the following Class in this action:

> All former employees of PGi who: (1) entered into a Severance Agreement in connection with layoffs conducted on or around March 31, 2021, June 25, 2021, or August 20, 2021; and (2) were not paid the full amount of their Basic Severance or Enhanced Severance promised in the Severance Agreement.

7

The Court further certifies the following claims of the Class:

(1) Unpaid Benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B); and

(2) Breach of Contract for Enhanced Severance Pay under Georgia common law.

### C.    Appointment of Class Counsel

Pursuant to Fed. R. Civ. P. 23(g)(1), and without opposition from the Defendants, the Court appoints Attorneys Jeremy Stephens and Bryan L. Arbeit, of Morgan & Morgan, P.A., as Class Counsel. The declarations of these attorneys submitted in support of the Motion for Class certification support the Court's finding that they possess the experience, knowledge, and financial resources to adequately and fairly represent the interests of both the named Plaintiffs and the class members. *See* Fed. R. Civ. P. 23(g)(1)(A); (Mot. for Class Certification, Exs. 6-7).

### D.    Notice of Class Action to Class Members

Finally, the Court approves the Plaintiffs' proposed Class Notice, attached as Exhibit 1 to the Motion for Class Certification, finding that it complies with the requirements in Fed. R. Civ. P. 23(c)(2)(B) and is consistent with due process. So that Class Counsel may properly serve the class members with a copy of the Class Notice, the Court will order the Defendants Premiere Global Services, Inc., American Teleconferencing Services, Ltd., and Audio Telecommunications Technology II, LLC to produce to Class Counsel a complete and accurate list of all individuals falling within the class definition,

including those individuals' last known addresses and email addresses, within 30 days of the date of this Order. The named Plaintiffs will thereafter be ordered to mail and email a copy of the approved Class Notice to all putative class members within 60 days of the date of this Order.

## IV.    Conclusion

For the foregoing reasons, the Plaintiffs' Motion for Class Certification [Doc. 13] is GRANTED. Plaintiffs Kimberly Goodnow, Audra Terrazas, and Timothy Steffens are appointed as the Class Representatives. Attorneys Jeremy Stephens and Bryan L. Arbeit of the firm Morgan & Morgan, P.A., are appointed as Class Counsel. Defendants Premiere Global Services, Inc., American Teleconferencing Services, Ltd., and Audio Telecommunications Technology II, LLC are ORDERED to produce a list of all individuals falling within the class definition, and their last known addresses and email addresses, within 30 DAYS of the date of this Order. Plaintiffs Kimberly Goodnow, Audra Terrazas, and Timothy Steffens are ORDERED to send a copy of the Class Notice to all putative class members via mail and email within 60 DAYS of the date of this Order.

SO ORDERED, this ___15th___ day of December, 2022.

THOMAS W. THRASH, JR.
United States District Judge

9