UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY GOODNOW and AUDRA TERRAZAS, TIMOTHY STEFFENS, All Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br>vs.<br><br>PREMIERE GLOBAL SERVICES, INC., AMERICAN TELECONFERENCING SERVICES, LTD., AUDIO TELCOMMUNICATIONS TECHNOLOGY II LLC, and DOE CORPS 1-10,<br><br>    Defendants.<br>_____/ | CIVIL ACTION NO: 22-CV-02184-TWT |

## PROPOSED ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS FEES AND COSTS

On January 25, 2024, this Court granted preliminary approval to the proposed Class Action Settlement ("Settlement") set forth in the Plaintiff's Unopposed Motion for Preliminary Approval of their Class Settlement Agreement (the "Settlement Agreement"). (Doc. 35). The Court approved the procedure for giving Class Notice to the Class Members and set a final approval hearing to take place May 14, 2024.

Following the final fairness hearing, held on May 14, 2024, the Court finds that the Notice to the Settlement Class substantially in the form approved by the

Court in its Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate. As such,

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Plaintiff's Unopposed Motion for Final Approval of the Parties' Class Action Settlement is **GRANTED**.

2. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

3. The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment.

4. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in two mediation sessions with the assistance of an experienced neutral class action mediator, and only after counsel for both sides exchanged information on the claims and class size. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

5.  The Court makes the following findings on Notice to the Settlement class:

(a)  The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)  The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

11. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members.

12. The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

13. The Parties are hereby ordered to implement and consummate the Settlement Agreement according to its terms and provisions.

14. Pursuant to Fed. R. Civ. P. 23(h), and consistent with the Eleventh Circuit's decision in *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class"), the Court **GRANTS** Plaintiff's Unopposed Motion for Attorneys' Fees (Doc. 38) hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of one-third of the gross Settlement Fund ($41,712.70) payable pursuant to the terms of the Settlement Agreement.

18.     This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other participating Class Members, without fees or costs to any party except as otherwise provided herein.

19.     The Court maintains jurisdiction over this case to enforce the terms and conditions of the Settlement Agreement if needed.

SO ORDERED, this __14th__ day of _____May_____, 2024.

_____
Honorable Thomas W. Thrash, Jr.
United States District Court Judge